IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| James Allen, | ) | |
| | ) | Civil Action No. 1:16-cv-370-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, James Allen ("Allen"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Now before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 14).[2] In the Report, the Magistrate Judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Allen has filed objections to the Report (ECF No. 17), and the Commissioner has responded to those objections (ECF No. 18).

---

[1]Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2]A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Accordingly, this matter is now ripe for review.

## I. Background

Allen applied for DIB on April 27, 2012, and SSI on April 30, 2012, alleging disability beginning on October 30, 2010. Allen's application was denied initially and on reconsideration. On April 14, 2014, an Administrative Law Judge ("ALJ") heard testimony from Allen and a vocational expert ("VE"). On September 26, 2014, the ALJ issued a decision denying Allen's claim.

In his decision, the ALJ found that Allen suffered from the following severe impairments: cervical and lumbar stenosis, post-traumatic stress disorder (PTSD), and obesity. (ECF No. 9-2 at 19). The ALJ found that, despite Allen's limitations, jobs existed in significant numbers in the national economy that he could perform. (ECF No. 9-2 at 27). Allen sought review of his case by the Appeals Council. The Appeals Council denied Allen's request for review, making the ALJ's decision the final decision of the Commissioner. This action followed.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations,

or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In his objections, Allen asserts that the Magistrate Judge erred by finding that the ALJ properly evaluated and weighed the opinions of his treating physicians, Drs. Jacobus and Loring, and a licensed social worker, Mr. Perkins, who had also treated Allen. (Objections at 1). Specifically, Allen contends that each of these medical providers expressed work-preclusive limitations, and the ALJ failed to give good reasons for the weight he afforded their opinions.

When evaluating medical opinions, the ALJ should consider (1) whether the physician has examined the claimant; (2) the treatment relationship between the physician and the claimant; (3) the supportability of the physician's opinion; (4) the consistency of the opinion with the record; and (5) whether the physician is a specialist. *See* 20 C.F.R. § 404.1527. Social Security Ruling 96-2p requires that an ALJ give specific reasons for the weight given to a treating physician's opinion. The ALJ must give controlling weight to a treating physician's opinion regarding the nature and severity of a claimant's impairments when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and when the opinion is consistent with the other substantial evidence in the record. 20 C.F.R. §§ 404.1527(c)(2) and

3

416.927(c)(2); *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Conversely, an ALJ may discount a treating physician's opinion if it is unsupported or inconsistent with other evidence. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1077 (7th Cir. 1992), or has failed to give a sufficient reason for the weight afforded a particular opinion, *see* 20 C.F.R. § 404.1527(d) (1998). Of course, a medical expert's opinion as to whether one is disabled is not dispositive; opinions as to disability are reserved for the ALJ and for the ALJ alone. *See* 20 C.F.R. § 404.1527(e)(1) (1998). Generally, the more the medical source presents relevant evidence to support his opinion, and the better that he explains it, the more weight his opinion is given. *See* 20 C.F.R. § 404.1527(d)(3) (1998). Additionally, the more consistent the opinion is with the record as a whole, the more weight the ALJ will give to it. *See* 20 C.F.R. § 404.1527(d)(4) (1998).

The regulations distinguish acceptable medical sources from "other sources," which include social workers. *See* 20 C.F.R. § 404.1513(d). Evidence from sources other than acceptable medical sources may be used to show the severity of a claimant's impairments and how it affects the claimant's ability to work. *Id.* "The evaluation of an opinion from a medical source who is not an 'acceptable medical source' depends on the particular facts in each case." SSR 06-03p. "Each case must be adjudicated on its own merits based on a consideration of the probative value of the opinions and a weighing of all the evidence in that particular case." *Id.* When evaluating such a source, "the adjudicator generally should explain the weight given to [such] opinion[s] . . . or otherwise ensure that the discussion of the evidence in the determination

or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Id.*

Moreover, the function of this court is not to review Allens's claims de novo or to reweigh the evidence of record. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) (*citing* 42 U.S.C. § 405(g); and *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972)). Rather, this court is to determine whether, upon review of the whole record, the ALJ's decision is supported by substantial evidence and a proper application of the law. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also* 42 U.S.C. § 405(g).

As a social worker, Perkins is considered an "other source" whose opinions are entitled to "significantly less weight." *Craig*, 76 F.3d at 590.[3] Contrary to Allens's assertions, as the Magistrate Judge discussed, the ALJ adequately considered the evidence and explained the weight that he assigned to Perkins' opinion. Further, as to Drs. Jacobus and Loring, the court again agrees with the Magistrate Judge that the ALJ's decision to discount the opinions of Drs. Jacobus and Loring is supported by substantial evidence. Accordingly, the court adopts the Report of the Magistrate Judge.

## IV. Conclusion

Having conducted the required de novo review of the issues to which Allen has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in her Report, and the ALJ's decision is supported by

---

[3]"Other sources" are defined as individuals other than acceptable medical sources and include medical providers, such as nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists, as well as non-medical sources, such as educational personnel, social welfare agency personnel, rehabilitation counselors, spouses, parents, other relatives, friends, neighbors, clergy, and employers. 20 C.F.R. § 404.1513(d)

5

substantial evidence. Therefore, the court adopts the Report (ECF No. 14), and the Commissioner's decision is **AFFIRMED.**

  **IT IS SO ORDERED.**

                      <u>s/Timothy M. Cain  </u>
                      United States District Judge

August 14, 2017
Anderson, South Carolina